**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAIME G. SALDANA,<br>BOP #A073-818-147,<br><br>                                    Plaintiff,<br><br>vs.<br><br>CESAR R. FAVILA, et al.,<br><br>                                    Defendants. | Civil No.   12cv2795 LAB (JMA)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff, who was detained at the Immigration and Customs Enforcement ("ICE") Processing Center in El Centro, but may have since been deported,[1] has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983.[2] Plaintiff also invokes federal question jurisdiction under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of*

---

[1] On the first page of his Complaint, Plaintiff claims to "presently reside[]" in Mexico. (Compl. at 1.) In the section of his Complaint entitled "Background and Reasons for this Action," however, Plaintiff claims to have been in ICE custody since October 2011, pending immigration and deportation proceedings. (*Id.* at 17-18.)

[2] Plaintiff "Jaime G. Saldana" has signed the Complaint (Compl. at 5, 16), but another inmate, Taek Samuel Yoon, BOP # A-042-589-267, has apparently helped him draft the pleading and has mailed it to the Court on Plaintiff's behalf, "because [Plaintiff] can not make or pursue this case in El Centro for his safety." (*Id.* at 4.) Pro se litigants, however, have no authority to represent anyone other than themselves. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).

1  *Narcotics*, 403 U.S. 388 (1971).  While far from clear, it appears Plaintiff claims several ICE
2  officials violated his constitutional rights while he was in their custody pending deportation
3  proceedings sometime between October 2011 and January 25, 2012.  (Compl. at 1, 10-13.)

4  **I.     Failure to Pay Filing Fee or Request IFP Status**

5  All parties instituting any civil action, suit or proceeding in any district court of the
6  United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See*
7  28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay this filing fee only
8  if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C.
9  § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*,
10 169 F.3d 1176, 1177 (9th Cir. 1999).

11 Plaintiff has not prepaid the $350 filing fee required to commence a civil action pursuant
12 to 28 U.S.C. § 1914(a).  And, while Plaintiff claims, in his Complaint, that he has "no money,"
13 "no job," and "cannot pay the filing fee," (Compl. at 5), he has not filed a Motion to Proceed *In*
14 *Forma Pauperis*, or the affidavit required to support such a Motion pursuant to 28 U.S.C.
15 § 1915(a)(1).  Therefore, the case must be dismissed pursuant to 28 U.S.C. § 1914(a).  *Id.*

16 **II**.    **Conclusion and Order**

17 For the reasons set forth above, the Court hereby:

18 (1)    **DISMISSES** this action sua sponte without prejudice for failing to pay the $350
19 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

20 (2)    **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is filed to:
21 (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to Proceed
22 IFP which includes, if he was a "prisoner" as defined by 28 U.S.C. § 1915(h) at the time he filed
23 his Complaint, a certified copy of his trust account statement for the 6-month period preceding
24 the filing of this action.  *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b).[3]

---

[3] Plaintiff is cautioned that if he chooses to proceed further with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his Complaint will be subject to sua sponte screening and dismissal pursuant to either 28 U.S.C. § 1915A(b)–if he is a prisoner– or 28 U.S.C. § 1915(e)(2)(b)–if he proceeds IFP.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing sua sponte screening required by 28 U.S.C.

1   **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this
2   Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma*
3   *Pauperis*." If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the
4   enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without
5   prejudice and without further Order of the Court.

6   DATED: December 17, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

28   § 1915A(b) of all civil actions filed by prisoners "seek[ing] redress from a governmental entity or officer or employee of a governmental entity.").