# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME G. SALDANA,<br>BOP #A073-818-147,<br><br>                    Plaintiff,<br><br>vs.<br><br>CESAR R. FAVILA, et al.,<br><br>                    Defendants. | Civil No.   12cv2795 LAB (JMA)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

   Plaintiff, who was detained at the Immigration and Customs Enforcement ("ICE") Processing Center in El Centro, but may have since been deported,[1] has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983.[2] Plaintiff also invokes federal question jurisdiction under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of*

---

[1] On the first page of his Complaint, Plaintiff claims to "presently reside[]" in Mexico. (Compl. at 1.) In the section of his Complaint entitled "Background and Reasons for this Action," however, Plaintiff claims to have been in ICE custody since October 2011, pending immigration and deportation proceedings. (*Id.* at 17-18.)

[2] Plaintiff "Jaime G. Saldana" has signed the Complaint (Compl. at 5, 16), but another inmate, Taek Samuel Yoon, BOP # A-042-589-267, has apparently helped him draft the pleading and has mailed it to the Court on Plaintiff's behalf, "because [Plaintiff] can not make or pursue this case in El Centro for his safety." (*Id.* at 4.) Pro se litigants, however, have no authority to represent anyone other than themselves. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).

*Narcotics*, 403 U.S. 388 (1971). While far from clear, it appears Plaintiff claims several ICE officials violated his constitutional rights while he was in their custody pending deportation proceedings sometime between October 2011 and January 25, 2012. (Compl. at 1, 10-13.)

## I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $350 filing fee required to commence a civil action pursuant to 28 U.S.C. § 1914(a). And, while Plaintiff claims, in his Complaint, that he has "no money," "no job," and "cannot pay the filing fee," (Compl. at 5), he has not filed a Motion to Proceed *In Forma Pauperis*, or the affidavit required to support such a Motion pursuant to 28 U.S.C. § 1915(a)(1). Therefore, the case must be dismissed pursuant to 28 U.S.C. § 1914(a). *Id.*

## II. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is filed to: (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to Proceed IFP which includes, if he was a "prisoner" as defined by 28 U.S.C. § 1915(h) at the time he filed his Complaint, a certified copy of his trust account statement for the 6-month period preceding the filing of this action. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b).[3]

---

[3] Plaintiff is cautioned that if he chooses to proceed further with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his Complaint will be subject to sua sponte screening and dismissal pursuant to either 28 U.S.C. § 1915A(b)–if he is a prisoner– or 28 U.S.C. § 1915(e)(2)(b)–if he proceeds IFP. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing sua sponte screening required by 28 U.S.C.

1     **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this
2 Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma*
3 *Pauperis*." If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the
4 enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without
5 prejudice and without further Order of the Court.

6 DATED: December 17, 2012

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

28 § 1915A(b) of all civil actions filed by prisoners "seek[ing] redress from a governmental entity or officer or employee of a governmental entity.").